JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7188 PA (AGRx) | Date | September 22, 2011 |
|---|---|---|---|
| Title | Yenageh Property Group, LLC v. Donald L. McDavid | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

   The Court is in receipt of a Notice of Removal filed by Donald L. McDavid ("Defendant") on August 31, 2011 (Docket No. 1). Plaintiff Yenageh Property Group, LLC's ("Plaintiff") Complaint alleges a single state law claim for unlawful detainer. Defendant, who is appearing *pro se*, asserts that this Court has subject matter jurisdiction on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1/] See Notice of Removal, at 3.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

   Although Plaintiff has not yet moved to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Parties cannot agree

---

   [1/]   Defendant's Civil Cover Sheet to his Notice of Removal seems to allege as well that removal is proper because the U.S. Government is a defendant. This appears to have been error on Defendant's part: the substance of Defendant's Notice of Removal does not even mention the U.S. Government, much less attempt to establish that the U.S. Government is a Defendant; Defendant argues only that jurisdiction lies under the diversity jurisdiction statute. Moreover, nothing in the Complaint or Defendant's Notice of Removal might somehow be construed to indicate that anyone other than Plaintiff and Defendant is a real party to this unlawful detainer action. Accordingly, to the extent removal can be understood to be based on some allegation that the U.S. Government is a defendant, the Notice of Removal is patently deficient and remand is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7188 PA (AGRx) | Date | September 22, 2011 |
|---|---|---|---|
| Title | Yenageh Property Group, LLC v. Donald L. McDavid | | |

to nor can they "waive" a lack of such jurisdiction.  Id. at 966-67.  Courts may consider the issue *sua sponte*.  Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has repeatedly emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'"  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).  The Court, having reviewed Defendant's Notice of Removal and finding it facially deficient, will thus remand this case *sua sponte*.

   Defendant asserts that jurisdiction exists based on diversity of citizenship.  See 28 U.S.C. § 1332.  In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."  Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).  "[A]n LLC is a citizen of every state of which its owners/members are citizens."  Id.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  As to the amount in controversy requirement, where the plaintiff ha pled an amount in controversy less than the jurisdictional amount "ant there is no evidence of bad faith, . . . a defendant will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum."  Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 999 (9th Cir. 2007).  "Conclusory allegations as to the amount in controversy are insufficient," Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003); instead, a "court may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2006) (citations and internal quotations omitted).

   Defendant fails to allege any facts establishing the citizenship of Plaintiff in his Notice of Removal.  Indeed, the body of Defendant's Notice of Removal fails even to *allege* the citizenship of the parties – Plaintiff's or his own.[2/]  Defendant's bald assertion that diversity jurisdiction exists, see Notice of Removal, at 3, cannot be the basis for removal of this action to federal court.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding that conclusory allegations of diversity were insufficient because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); Star Ins. Co. v. West, No. CV-10-8171-PCT-PGR, 2010 U.S. Dist. LEXIS 102526, at *1 (D.

---

  [2/]  What more, on the Civil Cover Sheet to the Notice of Removal, Defendant claims that Plaintiff is a citizen of California, based on Plaintiff's principal place of business.  As noted, however, an LLC's citizenship is not determined by its principal place of business.  Nonetheless, Defendant's error further emphasizes the deficiency of his Notice of Removal.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7188 PA (AGRx) | Date | September 22, 2011 |
|---|---|---|---|
| Title | Yenageh Property Group, LLC v. Donald L. McDavid | | |

Ariz. Sept. 13 2010) ("[T]he Notice of Removal is facially deficient [as] it fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of any party."). Because Defendant bears the burden of establishing federal subject matter jurisdiction, his "failure to specify Plaintiff['s] state citizenship [is] fatal to Defendant['s] assertion of diversity jurisdiction." Kanter, 265 F.3d at 858.

Similarly, a defendant is presumed to know the facts surrounding his own citizenship. See, e.g., Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). Thus, Defendant's failure to allege and provide the Court with information necessary to establish his own citizenship further compels the conclusion that Defendant has not met his burden to establish diversity jurisdiction.

Finally, the amount in controversy as pleaded does not exceed $75,000. Plaintiff seeks restitution of the premises, damages in the amount of $75.00 per day from July 30, 2011, through the date of entry of judgment, and costs of suit – and the Complaint specifies on the caption page that this demand "does not exceed $10,000.00." In response to this demand, Defendant merely states that, considering the relief sought by Plaintiff (in particular, repossession of the premises), "Defendant reasonably believes that the Plaintiff seeks damages and/or recoveries counting toward the jurisdictional minimum in excess of $394,000." Notice of Removal, at 2. Defendant has provided no evidence – much less summary-judgment-type evidence establishing to a legal certainty – that the actual amount in liability will exceed $75,000.[3/] Thus, the Defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied.

Defendant has failed to establish (or even plausibly suggest ) that the Court has jurisdiction over this action. Accordingly, this case is hereby remanded to Los Angeles County Superior Court in Glendale, Case No. 11C06388, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[3/]    Indeed, the Court is skeptical that Defendant could ever provide such evidence: in unlawful detainer actions the right to possession of the property is contested, not title to the property. See, Litton Loan Servicing, L.P. v. Villegas, No. C 10-05478 PJH, 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citing Evans v. Superior Ct., 67 Cal. App. 3d 162, 170, 136 Cal. Rptr. 596 (1977)). As a result, the amount in controversy is not the assessed value or the sales value of the property, as Defendant contends, but rather the $75.00 per day that Plaintiff is seeking in damages. See, e.g., id.